IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wanje Stefan Ford,<br><br>Plaintiff,<br><br>v.<br><br>Allen Fretwell,<br><br>Defendant . | C/A No.: 6:26-3584-TMC-KDW<br><br>REPORT AND RECOMMENDATION |

Wanje Stefan Ford ("Plaintiff"), an inmate incarcerated in the Greenville County Detention Center, filed this action against Prosecutor Allen Fretwell ("Defendant") alleging a violation of his civil rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the Complaint without prejudice and without issuance and service of process.

I. Factual Background

Plaintiff alleges he is being held in the Greenville County Detention Center after being arrested in February 2026 for trafficking methamphetamine, second or third offense, and possession with the intent to distribute cocaine, second or third offense. ECF No. 1 at 6. Plaintiff claims Defendant informed Plaintiff of the State's intent to seek life without parole. *Id*. Plaintiff says his previous charges were more than 21 years ago, and they are therefore null under the court rules. *Id*. Plaintiff claims Defendant has shown ill intent to maliciously prosecute Plaintiff based on Defendant's misunderstanding of state law. *Id*. Plaintiff seeks to have Defendant removed from

his case stating it is not prudent to be prosecuted by a solicitor who lacks an understanding of the law. *Id*.

II. Discussion

A. Standard of Review

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

Plaintiff's Complaint against Defendant should be dismissed because prosecutors are immune from claims for actions taken in their prosecutorial role. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial . . . are entitled to the protections of absolute immunity"); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (explaining prosecutors have immunity for performing functions "intimately associated with the judicial phase of the criminal process"). Because Plaintiff challenges Defendant's decision to seek a sentence of life without parole, which is clearly related to the prosecution of Plaintiff's pending criminal charges, the undersigned recommends Plaintiff's Complaint be summarily dismissed.

Here, Plaintiff cannot cure the deficiencies of his Complaint through amendment because Defendant is absolutely immune from civil claims for his actions related to his preparation for judicial proceedings or trial.

III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss the Complaint without issuance and service of process.

IT IS SO RECOMMENDED.

Kaymani D. West

September 8, 2026 
Florence, South Carolina

Kaymani D. West 
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).