**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| Wanje Stefan Ford,<br><br>Plaintiff,<br><br>vs.<br><br>Allen Fretwell,<br><br>Defendant. | ) | C/A No. 6:26-cv-03584<br><br>**ORDER** |

Plaintiff Robert Lee Moore, an inmate incarcerated at the Greenville County Detention Center, filed this action against Prosecutor Allen Fretwell alleging a violation of his civil rights. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that this case be summarily dismissed for failure to state a claim upon which relief could be granted, as his case challenges the defendant's actions in prosecuting Plaintiff's state criminal charges. (ECF No. 15). The magistrate judge noted that Plaintiff cannot cure the deficiencies of his Complaint because the defendant is absolutely immune from civil liability for his actions "related to his preparation for judicial proceedings or trial." *Id.* at 3. The magistrate judge notified Petitioner of his right to file objections to the Report. *Id.* at 4. The Clerk's Office mailed the Report to Petitioner at his last known address, (ECF No. 16), and it has not been returned to the court as undeliverable. Therefore, he is presumed to have received it. Still, Petitioner has failed to file objections to the Report, and the time to do so has expired.

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Therefore, having reviewed the Report and finding no clear error, the court agrees with and wholly **ADOPTS** the magistrate judge's recommendation. (ECF No. 15). The case is **DISMISSED** without issuance or service of process. The Clerk of Court shall provide a filed copy of this order to Plaintiff at his last known address.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Timothy M. Cain
Chief United States District Judge

September 28, 2026
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.